STATE OF MAINE                                    SUPERIOR COURT
CUMBERLAND, ss.                                   BUSINESS AND CONSUMER COURT
                                                  LOCATION: PORTLAND
                                                  DOCKET NO. BCD-RE-17-12 ✓

SUMNER H. LIPMAN, et al.,              )
                                       )
                 Plaintiffs,           )
                                       )
        v.                             )          DISCOVERY CONFERENCE ORDER
                                       )
RICHARD H. GILES, et al.,              )
                                       )
                 Defendants.           )


A discovery conference was held on February 16, 2018 with Attorney Christopher Wright for Plaintiffs, Attorney Michael Hodgins for Defendant Suzanne Giles ("Suzanne"), and Attorney David Pierson for Defendant Richard Giles ("Richard"). The subject of the conference was Defendant Suzanne's responses to Plaintiffs' interrogatories and requests for production ("RFP").

## I.    Plaintiffs' Interrogatories to Defendant Suzanne

### A. Plaintiffs' Interrogatories Nos. 2 and 3

Interrogatory No. 2 sought the "place, the date, who was present, and the content of" any discussions between Suzanne and Richard concerning the use or ownership of Lot 30B. Interrogatory No. 3 sought the date, location, and content of any written communications between Suzanne and Richard over the last three years concerning the use or ownership of Lot 30B. Suzanne objected to these interrogatories on the basis of spousal privilege. M.R. Evid. 504. Plaintiffs argue that the privilege does not apply because Suzanne and Richard are separated. *See State v. Leone*, 581 A.2d 394, 398 (Me. 1990) (citing *Holyoke v. Estate of Holyoke*, 87 A. 40, 44-45 (Me. 1913).

The parties agree that while Suzanne or Richard bear the initial burden of demonstrating the applicability of the privilege, the burden then shifts to Plaintiffs to demonstrate that an exception applies. *C.f. Harris Mgmt. v. Coulombe*, 2016 ME 166. ¶ 24, 151 A.3d 7 (discussing similar burden-shifting approach to attorney-client privilege). *See also* M.R. Evid. 504(c) (privilege may be claimed by communicator; spouse has presumptive authority to claim privilege on the communicator's behalf). The parties agree that the Suzanne and Richard were married and are now living separately, and that Maine law recognizes a "separation exception" to spousal privilege. *See Leone*, 581 A.2d at 398; *Holyoke*, 87 A. at 44-45.

1

The Court finds that Suzanne has met her initial burden of demonstrating the privilege applies by showing that the parties are married, and were married when any of the requested communications took place. The Court finds that Plaintiffs have not met their burden of showing that the privilege does not apply. While it is uncontested that the parties are separated now, the Court would need to place these communications temporally in order to determine whether the parties were separated at the time the communications occurred. Furthermore, Plaintiffs will need to point to more than the mere fact of Suzanne's and Richard's separation to show that the exception applies. *Leone*, 581 A.2d at 398 ("[T]he marital privilege . . . does not apply to couples who are separated with 'the one making the communication [being] actively hostile to the other, and . . . known to be so.'") (quoting *Holyoke*, 87 A. at 44-45).

Suzanne acknowledges that there are communications that are responsive to Plaintiffs' Interrogatories Nos. 2-3, but has downplayed their extent. Plaintiffs request a privilege log so as to place these communications on a timeline in order to provide more context for determining whether the communications are in fact privileged.

The Court agrees with Plaintiffs that a privilege log would be helpful in determining the scope of the spousal privilege as it applies to these communications. The Court thus rules that the objection is SUSTAINED, and ORDERS Suzanne to document the dates and locations of any discussions, as well as any written communications, with her husband Richard about the use or ownership of Lot 30B, to the best of her recollection, without documenting any of the substance of those conversations. By agreement of the parties, this privilege log is to be provided to Plaintiffs by March 2, 2018. This ruling is without prejudice to Plaintiffs later attempting to show that the spousal privilege does not apply, based on information in the privilege log or otherwise obtained in discovery.

### B. Plaintiffs' Interrogatory No. 5

Interrogatory No.5 asked whether Suzanne entered into a prenuptial agreement with Richard. If she had, Plaintiffs requested a copy; if she had not, it repeated the requests of Interrogatories Nos. 2-3. Suzanne objected to this interrogatory on the basis of spousal privilege. M.R. Evid. 504.

At the discovery conference, counsel for both Defendants disclosed that there was no prenuptial agreement, without waiving the objection. Plaintiffs are satisfied by Defendants' disclosure and no further action is required as to this interrogatory. Suzanne's objection is SUSTAINED, as discussed in Part I.A. above.

### C. Plaintiffs' Interrogatory No. 6

Interrogatory No. 6 sought the time, place, and substance of any conversations Suzanne has had with "any persons concerning the use or ownership of Lot 30A." Suzanne objected to this interrogatory on the basis of spousal privilege. M.R. Evid. 504. Without waiving the objection, she answered that she has had "no other communications concerning the us or ownership of Lot 30A." At the discovery conference, counsel for Suzanne clarified that she has only had conversations

with Richard about Lot 30A. As noted in Part I.A. above, Suzanne's objection is SUSTAINED as to conversations she had with Richard. Again, this ruling is without prejudice to Plaintiffs latter attempting to show that the spousal privilege does not apply, based on information in the privilege log or otherwise obtained in discovery.

### D. Plaintiffs' Interrogatories Nos. 7-8

Interrogatories Nos. 7 and 8 asked Suzanne whether she has ever "used the stairs or walkway" that is the subject of this litigation, or has observed Richard using the steps or walkway, respectively. Suzanne answered that she has "not used the stairs and walkways *to access the residence.*" (emphasis added). Suzanne answered similarly as to Interrogatory No. 8. Plaintiffs claim that this is not responsive to the interrogatories, which were worded more broadly.

At the discovery conference, counsel for Suzanne told the Court that nothing was intended by the narrow answer because he did not believe that there was any other reason to use the stairs/ walkway. Counsel suggested that the answers for both could be interpreted by Plaintiffs to mean that Suzanne "never used the stairs/walkway," or saw Richard use them. Plaintiffs' counsel cautioned that this may not be true. Suzanne is thereby ORDERED to amend her response to Interrogatory Nos. 7-8 to remove the reference to accessing the residence, and/or to supplement this answer if she becomes aware of further information within the scope of the interrogatories, and fully answer both interrogatories.

### E. Plaintiffs' Interrogatory No. 9

Interrogatory No. 9 sought "the factual basis for each and every affirmative defense raised in the Defendant's answer." Suzanne responded that she does not own, and has never owned, "a legal interest in the property of Richard [ ] identified as Lot 30B. There is no written agreement to convey an easement or other interest in Richard['s] property." Plaintiffs claimed that this answer is insufficient.

At the discovery conference, counsel for Suzanne explained that the answer is responsive to the affirmative defense claimed by Suzanne, namely failure to state a claim for which this Court may grant relief. *See* M.R. Civ. P. 12(b)(6). Plaintiffs' counsel was satisfied by this explanation. No further action is required on this interrogatory.

## II.     Plaintiffs' Request for Production of Documents to Defendant Suzanne

### A. Plaintiffs' Request for Production No. 2

Plaintiff's RFP No. 2 requested "[a]ll documents . . . between Suzanne Giles and Richard Giles over the last three years." Suzanne objected to this RFP on the basis of spousal privilege. M.R. Evid. 504.

As noted in Part I.B. above, Suzanne's objection is SUSTAINED, pending production of a privilege log. Again, this ruling is without prejudice to Plaintiffs latter attempting to show that

the spousal privilege does not apply, based on information in the privilege log or otherwise obtained in discovery.

### B. Plaintiffs' Request for Production No. 4

Plaintiffs' RFP No. 4 requested "all documents in support of any affirmative defenses[.]" Suzanne answered that "[a]ny deeds provided to Richard Giles relating to his ownership of Lot 30B may be responsive to this request[]" and directed Plaintiffs to the Registry of Deeds, as Suzanne does not currently possess "any copies of these documents." Plaintiffs argue that this is not responsive to the RFP.

Plaintiffs' apparent confusion as to Suzanne's reference to "deeds" in the plural was resolved at the discovery conference. There is only one deed, and this is the one document upon which Suzanne will be relying in her affirmative defense of failure to state a claim. See Part I.E. above. Suzanne is ORDERED to amend her response to RFP No. 4 to indicate that that Suzanne will be relying on the single deed provided to Richard relating to his ownership of Lot 30B, which she does not currently have a copy of, in support of her affirmative defense.

### C. Plaintiffs' Requests for Production Nos. 5-7

Plaintiffs' RFP Nos. 5-7 requested documents relating to Suzanne's expert witnesses. Defendants shall provide all required M.R. Civ. P. 26(b)(4) information as per the deadline established in the case.

### D. Plaintiffs' Request for Production Nos. 8-10

Plaintiffs' RFP No. 8 sought copies of "all survey maps done by or on behalf of Suzanne" in regard to Lot 30A, the property subject to this dispute. RFP No. 9 sought copies of "all survey maps done by or on behalf of or in the possession of" Suzanne in regard to the easement/ right of way subject to this dispute. Finally, RFP No. 10 sought copies of "all photographs taken by" or on behalf of Suzanne of the stairs and walkway subject to this dispute. Suzanne responded that there were no responsive documents to each request. Plaintiffs claim this cannot be true because Plaintiff Sumner Lipman sent Suzanne a survey map prior to suit, and that this was also attached to the Complaint.

This survey map would render only the response to RFP No. 9 inaccurate, as Suzanne has not had any survey maps done on her behalf. At the discovery conference, counsel for Suzanne explained that the survey map provided to her by Plaintiff Sumner Lipman is the only survey map in her possession. Suzanne is ORDERED to amend her response to Plaintiffs' RFP No. 9. Suzanne's responses to RFP Nos. 8 and 10 are sufficient.

### III.    Conclusion

Defendant Suzanne Giles is hereby ORDERED to amend her responses to Plaintiffs' Interrogatories Nos. 7-8 and Plaintiffs' RFP Nos. 4 and 9; and provide a privilege log documenting the dates and locations of any discussions, as well as any written communications, with her

4

husband Richard about the use or ownership of Lot 30B, to the best of her recollection, without documenting the substance of any of those conversations. By agreement of the parties, the deadline for the production of the privilege log and amendments to Plaintiffs' discovery requests is March 2, 2018.

The responses by the remaining Defendant to Plaintiffs' discovery requests shall be consistent with the rulings made here.

Pursuant to M.R. Civ. P. 79(a), the Clerk is hereby directed to incorporate this Order by reference in the docket.

_2/21/18_
Date

Richard Mulhern
Judge, Business and Consumer Court